UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Cheer Pack North America LLC,

Plaintiff,

v.

Valley Forge Insurance Company and
Continental Casualty Company,

Defendants.

NO.

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL**

Plaintiff, Cheer Pack North America LLC ("Cheer Pack"), for its Complaint against Defendants Valley Forge Insurance Company ("Valley Forge") and Continental Casualty Company ("Continental") (collectively, the "Defendants" or the "Insurers"), states and alleges as follows:

## INTRODUCTION

1. This is an action for breach of contract with respect to a commercial general liability insurance policy issued by Valley Forge to Cheer Pack ("the Primary Policy"), and for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, with respect to the Primary Policy and an umbrella liability insurance policy issued by Continental to Cheer Pack ("the Umbrella Policy").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Cheer Pack and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Massachusetts.

4. Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b)(3) because Defendants Valley Forge and Continental have sufficient contacts with the District of Massachusetts to be subject to the Court's personal jurisdiction for this civil action.

## THE PARTIES

5. Cheer Pack is a Delaware limited liability company with its principal place of business in West Bridgewater, Massachusetts. Cheer Pack's sole members are CDF Corporation, Inc., a Massachusetts corporation with its principal place of business in Plymouth, Massachusetts; Hosokawa Yoko Co., Ltd., a Japanese corporation with its principal place of business in Japan; and Guala Pack North America, Inc., a Massachusetts corporation with its principal place of business located in Italy. Cheer Pack manufactures laminated food pouches with a "fitment" (also known as a "straw") and a threaded cap (together "Pouches").

6. Upon information and belief, Valley Forge is a Pennsylvania corporation with its principal place of business in Chicago, Illinois. Valley Forge does business in the Commonwealth of Massachusetts.

7. Upon information and belief, Continental is an Illinois corporation with its principal place of business located in Chicago, Illinois. Continental does business in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND

### A. THE INSURANCE POLICIES

8. Cheer Pack was insured under the Primary Policy during the period January 1, 2013, to January 1, 2014, with the policy number 4032830486. According to its terms, the Primary Policy provides coverage for damages “the insured becomes legally obligated to pay” “because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” The general aggregate limit and products/completed operations aggregate limit for coverage under the Primary Policy is $2,000,000, with a $1,000,000 limit for each occurrence. Pursuant to the Primary Policy, Valley Forge also agreed to defend Cheer Pack from “any ‘suit’ seeking . . . damages” because of bodily injury or property damage. The costs of defense are outside of and do not erode the limits of coverage under the Primary Policy.

9. Cheer Pack was also insured under the Umbrella Policy during the period January 1, 2013, to January 1, 2014, with the policy number 4032816748. According to its terms, the Umbrella Policy provides coverage for damages “in excess of” the underlying insurance “the insured becomes legally obligated to pay” “because of ‘bodily

injury' [or]'property damage' . . . to which this insurance applies." The aggregate limit under the Umbrella Policy is $5,000,000, with a $5,000,000 limit for each incident.

**B. PLUM, PBC RECALL**

10. The claim underlying this suit stems from an agreement ("Agreement") dated September 21, 2011, between nonparties Plum, PBC ("Plum") and SunOpta Global Organic Ingredients, Inc. ("SunOpta"). Pursuant to this Agreement, SunOpta manufactured and packaged certain of Plum's baby food products, including Baby Stage 2, Tots Mish Mash, and a children's line of food products (collectively, the "Product"). The Product contained combinations of various fruits, vegetables, and grains. Cheer Pack sold the Pouches on orders from Plum and SunOpta. Plum's "Finished Product Specifications" provided that SunOpta would package the Product using Cheer Pack's Pouches. SunOpta was the co-manufacturer that filled, capped, and readied the Pouches for distribution and sale to consumers.

11. In August 2012, SunOpta began manufacturing the Product for Plum under the Agreement at SunOpta's Allentown, Pennsylvania facility ("Allentown Facility") and Sanger, California facility.

12. On information and belief, as part of the manufacturing process, SunOpta's operations include mixing the ingredients in large batch tanks, heat pasteurization of the Product, filling the Pouches using a filling machine, capping the Pouches and a further heating and cooling process followed by cartoning for shipment and distribution.

13. SunOpta originally had one filling line to produce the Products at the Allentown Facility. On or about June 30, 2013, SunOpta completed the addition of a second filling line at the Allentown Facility.

14. On information and belief, in late August, September, and October 2013, Plum and SunOpta received complaints that Pouches containing Product manufactured at the Allentown Facility were swelling and bloating. Consumers also complained that the consumption of the Product had resulted in gastrointestinal symptoms and discomfort. Only Product manufactured at the Allentown Facility generated such complaints, although Plum used Cheer Pack's Pouches for its Product at another filling facility.

15. Plum initiated a voluntary nationwide recall on November 8, 2013, for Product manufactured at the Allentown Facility between July 1, 2013, and November 3, 2013 (the "Recall").

**C. VALLEY FORGE AGREES TO DEFEND CHEER PACK**

16. After learning about the customer complaints, out of an abundance of caution so as to not waive any rights and notwithstanding the fact that Plum had not definitively concluded that the packaging was defective, Cheer Pack sent a General Liability Notice of Occurrence/Claim related to the Recall to the Insurers.

17. In response to Cheer Pack's Notice of Occurrence/Claim, the parent company of the Insurers, CNA Financial Corporation ("CNA") sent a letter on behalf of Valley Forge, advising Cheer Pack that Valley Forge would investigate the claim.

18. After receiving the letter from CNA, Cheer Pack received a letter from Plum's parent, Campbell Soup Company, dated January 21, 2014, stating that, if the

Recall was caused in whole or in part by defective Pouches, Plum would hold Cheer Pack responsible for all damages ("Claim Letter"). The Claim Letter stated that a number of consumers had made claims to Plum, contending that the Product had resulted in illness and property damage. Cheer Pack forwarded the Claim Letter to the Insurers, care of CNA on or about January 21, 2014.

19. On June 19, 2014, Valley Forge sent Cheer Pack a letter, agreeing to defend Cheer Pack with respect to the claims set forth in the Claim Letter.

**D. PLUM FILES SUIT AGAINST SUNOPTA AND CHEER PACK**

20. Despite Cheer Pack, Plum and SunOpta's early efforts to mediate the dispute, they were unable to resolve the matter. Consequently, on February 3, 2015, Plum filed suit ("the Lawsuit") in the Pennsylvania Court of Common Pleas in Lehigh County, Pennsylvania. Initially, Plum filed suit only against SunOpta. But in SunOpta's Answer, SunOpta contended that Cheer Pack was to blame for the alleged problems with the Product. In particular, SunOpta alleged that Cheer Pack's Pouches did not have a hermetic seal, thus providing a "route of entry" for contamination of the Product.

21. Plum subsequently filed an Amended Complaint against Cheer Pack as a named defendant alleging breach of contract and warranty claims. Plum alleged that Cheer Pack's defective Pouches damaged the Product.

22. On May 4, 2015, SunOpta answered Plum's Amended Complaint and asserted Cross-Claims against Cheer Pack ("Cross-Claims") for breaches of express and implied warranties. SunOpta in its Cross-Claims alleged that defective Pouches were responsible for the Recall and damage to the Product.

23. The Lawsuit is in the preliminary stages. Cheer Pack filed preliminary objections to the complaint. On October 16, 2015, the court in the Lawsuit sustained in part and overruled in part Cheer Pack's preliminary objections.[1] Plum amended its Complaint against Cheer Pack, seeking to address the deficiencies the court found when the court dismissed several of Plum's claims. Cheer Pack filed an Answer to SunOpta's Cross-Claims and asserted its own Cross-Claims against SunOpta. Cheer Pack has not yet filed an Answer to Plum's Third Amended Complaint.

24. Valley Forge continued to defend Cheer Pack in the Lawsuit until May 26, 2015.

**E. THE INSURERS STOP PAYING DEFENSE COSTS AND DENY COVERAGE**

25. On May 26, 2015, CNA sent a letter on behalf of the Insurers to Cheer Pack in which it denied, for the first time, any obligation of the Insurers to defend or indemnify Cheer Pack under the Policies. ("Denial Letter"). In the Denial Letter, CNA stated that the denial was based on CNA's review of Plum's Amended Complaint; CNA apparently did not consider SunOpta's Cross-Claims in analyzing coverage, as the Denial Letter does not reference those claims. And CNA denied coverage before the service and filing of Plum's Second or Third Amended Complaints or SunOpta's Amended Cross-Claims.

---

[1] Specifically, the court dismissed, without prejudice, Plum's breach of contract and breach of implied warranty of merchantability claims. The court overruled Cheer Pack's preliminary objections to Plum's breach of express warranty claim. The court dismissed, without prejudice, SunOpta's breach of implied warranty of fitness for a particular purpose and third-party beneficiary claims. The court denied Cheer Pack's preliminary objections to SunOpta's breach of express warranty and breach of implied warranty of merchantability claims.

26. CNA's denial of coverage came as a surprise to Cheer Pack as the material allegations asserted in the Lawsuit did not diverge significantly from Plum's and SunOpta's pre-suit contentions.

27. Cheer Pack responded on July 23, 2015, by sending a letter to CNA, requesting reconsideration of the Insurers' decision to deny coverage.

28. On September 14, 2015, CNA affirmed the Insurers' decision to deny coverage under the Policies and continued to refuse to pay defense costs under the Primary Policy.

## COUNT I
## (Breach of Contract Against Valley Forge Insurance Company – Duty to Defend)

29. Cheer Pack incorporates herein by reference its allegations in Paragraphs 1 through 28 above.

30. Cheer Pack has performed all of its obligations under the Primary Policy including, as applicable, the payment of all premiums due and owing. To the extent that Valley Forge claims that any such obligations were not performed, Cheer Pack's performance was excused or waived by Valley Forge or otherwise did not prejudice Valley Forge.

31. In accordance with the provisions of the Primary Policy, Cheer Pack provided timely notice to Valley Forge or its designated agents, and made timely demands for payment of defense costs defending against claims seeking damages from Cheer Pack.

32. Pursuant to the Primary Policy, Valley Forge has "the right and duty to defend the insured against any 'suit' seeking . . . damages" "because of 'bodily injury' or property damage.'" The Primary Policy applies to all defense costs incurred by Cheer Pack in defending Cheer Pack against the Claims. Cheer Pack's counsel's normal and customary rates are reasonable and prudent for similar legal services in the community.

33. On May 26, 2015, CNA denied Valley Forge had any obligation to pay Cheer Pack's defense costs in the Lawsuit. CNA affirmed this decision on September 14, 2015. Since May 26, 2015, Valley Forge has refused to pay Cheer Pack's defense costs despite Cheer Pack's repeated requests for Valley Forge to do so. By refusing to pay Cheer Pack's defense costs, Valley Forge breached its "duty to defend" Cheer Pack in a "'suit' seeking . . . damages" "because of 'bodily injury' or property damage.'"

34. Even before Valley Forge wrongfully denied its obligation to defend Cheer Pack, Valley Forge breached the duty to defend by failing to pay all of Cheer Pack's reasonable attorneys' fees and necessary litigation expenses that Cheer Pack incurred before Valley Forge denied coverage. Valley Forge continues to refuse to reimburse Cheer Pack for these pre-denial defense costs despite Cheer Pack's repeated requests for reimbursement.

35. By the forgoing acts and omissions, Valley Forge breached the Primary Policy's duty to defend, causing damage to Cheer Pack.

**COUNT II**
**(Declaratory Judgment Against Valley Forge Insurance Company – Duty to Indemnify)**

36. Cheer Pack incorporates herein by reference its allegations in Paragraphs 1 through 35 above.

37. An actual, present, and justiciable controversy has arisen and exists between Cheer Pack and Valley Forge, regarding their respective rights and duties under the Primary Policy. Cheer Pack contends that to the extent that an actual injury to Plum and SunOpta occurred during the Primary Policy's policy period, Valley Forge is obligated to indemnify Cheer Pack for all the alleged damages it is "legally obligated to pay" to Plum and SunOpta for the underlying claims. Valley Forge denies that there is coverage for any of the alleged damages under the Primary Policy.

38. Cheer Pack seeks and is entitled to a declaration that Valley Forge has a duty to indemnify Cheer Pack for all of the alleged damages, up to the Primary Policy's policy limits, that Cheer Pack is "legally obligated to pay" to Plum and SunOpta for the underlying claims.

**COUNT III**
**(Declaratory Judgment Against Continental Casualty Company – Duty to Defend and Indemnify)**

39. Cheer Pack incorporates herein by reference its allegations in Paragraphs 1 through 38 above.

40. An actual, present, and justiciable controversy has arisen and exists between Cheer Pack and Continental, regarding their respective rights and duties under the Umbrella Policy. Cheer Pack contends that to the extent that an actual injury to Plum

and SunOpta occurred during the Umbrella Policy's policy period, Continental has the duty to defend Cheer Pack against the claims if the payment of judgments or settlements exceeds the Primary Policy's limits. Cheer Pack also contends that to the extent that an actual injury to Plum and SunOpta occurred during the Umbrella Policy's policy period, Continental is obligated to indemnify Cheer Pack for all the damages it is "legally obligated to pay" to Plum and SunOpta for the underlying claims to the extent indemnity costs exceed the Primary Policy's limits. Continental denies that there is coverage for any of the damages under the Umbrella Policy.

41. Cheer Pack seeks and is entitled to a declaration that Continental has the duty to defend Cheer Pack against the claims if the payment of judgments or settlements exceeds the Primary Policy's limits. Cheer Pack also seeks and is entitled to a declaration that Continental has a duty to indemnify Cheer Pack for all of the alleged damages Cheer Pack is "legally obligated to pay" to Plum and SunOpta for the underlying claims in excess of the Primary Policy's limits and within the Umbrella Policy's limits.

**WHEREFORE,** Plaintiff, Cheer Pack, respectfully asks this Court:

1. For judgment in its favor and against Valley Forge for all defense costs at Cheer Pack's counsel's normal and customary rates sustained by Cheer Pack as a result of Valley Forge's breach of its duty to defend;

2. For declaratory relief in its favor and against Valley Forge as requested above;

3. For declaratory relief in its favor and against Continental as requested above.

4. An award of Cheer Pack's damages due to the Insurers' breach of the duty to defend, including but not necessary limited to Cheer Pack's attorneys' fees and costs incurred in pursuing this claim.

5. Any other relief that the Court finds appropriate.

## DEMAND FOR A JURY TRIAL

Cheer Pack demands a jury trial on all claims so triable.

Dated: Marlborough, MA
December 14, 2015

Respectfully submitted,

LAW OFFICE OF ROBERT G. MANSON

By: __/s/_Robert G. Manson____________
Robert G. Manson (BBO#674457)
398 Brigham Street
Marlborough, MA 01752
(508) 274-8360

-and-

DORSEY & WHITNEY LLP
Skip Durocher (SBN #0208966)
Brian B. Bell (SBN #0395215)
To Be Admitted Pro Hac Vice
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
(612) 340-2600